**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4185**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DAVID ELLIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever, III,
Chief District Judge.  (5:12-cr-00208-D-1)

Submitted:  October 21, 2014          Decided:  October 23, 2014

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Ellis pleaded guilty, pursuant to a written plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2012), and possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (2012), and was sentenced to an aggregate term of 235 months' imprisonment. On appeal, Ellis' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious grounds for appeal, but questioning the district court's determination of Ellis' base offense level under the Sentencing Guidelines. Ellis was advised of his right to file a pro se supplemental brief but did not do so. The Government has moved to dismiss the appeal of Ellis' sentence based on the appellate waiver provision in his plea agreement. For the reasons that follow, we grant the Government's motion and dismiss this appeal as to Ellis' sentence, and we affirm his convictions.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A

defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Our review of the record confirms that Ellis knowingly and voluntarily waived the right to appeal his sentence, reserving only the right to appeal a sentence in excess of the Guidelines range established at sentencing. Because the district court imposed a within-Guidelines sentence, we grant the Government's motion to dismiss and dismiss the appeal of Ellis' sentence.

As the Government recognizes, the appeal waiver does not preclude appellate review of Ellis' convictions. Counsel does not challenge the convictions on appeal, and our review of the record, conducted pursuant to Anders, revealed no potentially meritorious claims relevant to the validity of Ellis' convictions. We therefore affirm the judgment in part and dismiss in part.

This court requires that counsel inform Ellis, in writing, of his right to petition the Supreme Court of the United State for further review. If Ellis requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Ellis. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
